IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SENTURY TIRE USA, INC.,   CASE NO. 1:22-cv-22613
a Florida Corporation,

       Plaintiff,

vs.

S & S BROKERAGE, INC.,
a New Jersey Corporation.

       Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, SENTURY TIRE USA, INC., a Florida Corporation, by and through undersigned counsel, and sues the Defendant, S & S BROKERAGE, INC., a New Jersey Corporation. In support thereof the Plaintiff alleges as follows:

**PARTIES**

1. At all relevant times, the Plaintiff, Sentury Tire USA, Inc. ("Sentury"), has been a Florida Corporation with its principal place of business located in Miami-Dade County.

2. Sentury manufactures, imports, and distributes tires for vehicles of all sizes for customers throughout the United States.

3. At all relevant times, the Defendant, S & S Brokerage, Inc. ("S & S"), has been a New Jersey Corporation with its principal place of business in Middlesex County.

4. S & S is a third-party logistics transportation company, which provides distribution, warehousing, and fulfillment services to its clients throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000).

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) and Fla. Stat. § 48.193.

## GENERAL ALLEGATIONS

8. Beginning in the Fall of 2021, Sentury entered into an agreement with S & S, pursuant to which S & S provided Sentury with drayage services on an ongoing basis.

9. The agreement between the parties required S & S to receive containers holding property belonging to Sentury from various marine ports throughout the country, to then deliver such property to their assigned destinations, and to ultimately return the emptied containers to their respective ports of reception.

10. Sentury does not own the containers used to ship its property, and it incurs escalating per diem fees whenever these containers are not timely returned to their appropriate ports.

11. If cargo remains at a marine port for longer than an allotted period of time, Sentury incurs demurrage fees on a daily basis until the cargo is removed.

12. On or about April 2022, Sentury's accounting department discovered a number of inflated invoices from S & S and notified S & S of same in an attempt to ascertain if a billing error had occurred.

13. Despite the inflated invoices, however, Sentury continued to pay S & S invoices at the contractually established rates.

14. Rather than substantiate the inflated invoices, as requested by Sentury, S & S maliciously retaliated against Sentury by placing a hold on Sentury's account.

15. After placing a hold on the account, S & S refused to deliver twenty-two (22) containers containing Sentury's property, and failed to return twenty-three (23) containers to their appropriate ports.

16. All conditions precedent to the filing of this action have been satisfied.

## **COUNT I – BREACH OF CONTRACT**

Plaintiff re-alleges paragraphs 1-16 above in their entirety as if they were specifically set forth herein and further states as follows:

17. The parties, for valuable consideration, entered into a valid and enforceable agreement in or around November 2021 for the performance of drayage services by S & S in exchange for financial payments at various contractually determined rates from Sentury.

18. Pursuant to the agreement, S & S was obligated to pick up containers containing Sentury's property at various marine ports throughout the United States and deliver such property to their appropriate destinations.

19. Pursuant to the agreement, S & S was further obligated to return to the corresponding ports the empty containers from which Sentury's property was transported.

20. Sentury performed its obligations under the agreement by making timely payments to S & S at previously established rates.

21. In an express breach of the agreement, S & S failed to perform its duties by refusing to deliver twenty-two (22) containers holding Sentury's property, and by refusing to return twenty-three (23) containers to their corresponding ports.

22. As a result of S & S's breach, Sentury has been damaged and has incurred over three hundred and eighty-seven thousand dollars ($387,000.00) in per diem fees, and over six hundred and seventy thousand dollars ($670,000.00) in demurrage fees.

### COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges paragraphs 1-16 above in their entirety as if they were specifically set forth herein and further states as follows:

23. The parties, for valuable consideration, entered into a valid and enforceable agreement on or around November 2021 for the performance of drayage services by S & S in return for money payments by Sentury.

24. Sentury performed its obligations under the agreement by making timely payments to S & S at previously established rates.

25. S & S purposefully and maliciously breached the agreement by essentially holding Sentury's property and leased containers hostage when Sentury refused to make payments beyond the previously established amount.

26. As a result of S & S's breach, Sentury has been damaged and has incurred over three hundred and eighty-seven thousand dollars ($387,000.00) in per diem fees, and over six hundred and seventy thousand dollars ($670,000.00) in demurrage fees.

### COUNT III – BREACH OF FLORIDA'S
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiff re-alleges paragraphs 1-16 above in their entirety as if they were specifically set forth herein and further states as follows:

27. S & S engaged in deceptive acts and/or unfair practices in relation to their agreement with Sentury by inflating their invoices for services contemplated under the agreement,

and by subsequently retaliating against Sentury for Sentury's refusal to pay the inflated rate by holding Sentury's property and leased containers hostage.

28. As a result of S & S's deceptive acts and/or unfair practices, Sentury has been damaged and has incurred over three hundred and eighty-seven thousand dollars ($387,000.00) in per diem fees, and over six hundred and seventy thousand dollars ($670,000.00) in demurrage fees.

29. Sentury seeks reimbursement for reasonable attorney's fees and costs incurred in connection with this Count pursuant to Florida Statute § 501.2105.

## COUNT IV – CONVERSION

Plaintiff re-alleges paragraphs 1-16 above in their entirety as if they were specifically set forth herein and further states as follows:

30. S & S engaged in an ongoing scheme through which it wrongfully and knowingly held Sentury's property in a manner that was inconsistent with Sentury's rights to the property.

31. Sentury informed S & S that its wrongful act of dominion over the property was not permitted and demanded the return of the property.

32. However, S & S did not immediately comply with Sentury's demand.

33. As a direct and proximate result of S & S's failure to timely return Sentury's property, Sentury incurred over three hundred and eighty-seven thousand dollars ($387,000.00) in per diem fees, and over six hundred and seventy thousand dollars ($670,000.00) in demurrage fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, SENTURY TIRE USA, INC., demands judgment against the Defendant, S & S BROKERAGE, INC., in the amount of one million and fifty-seven thousand dollars ($1,057,000.00) plus interest, costs, and reasonable attorneys' fees; and for any other further relief under the law that Plaintiff might be entitled to receive.

**JURY TRIAL IS DEMANDED ON ALL TRIABLE ISSUES**

Dated: August 17, 2022.

                                    **NICKLAUS & ASSOCIATES, P.A.**
                                    *Attorneys for Plaintiff*
                                    4651 Ponce de Leon Blvd., Suite 200
                                    Coral Gables, Florida 33146
                                    Telephone: 305-460-9888
                                    Facsimile:  305-460-9889
                                    edwardn@nicklauslaw.com
                                    stephenb@nicklauslaw.com

                        By:   */s/Edward R. Nicklaus*
                                    **EDWARD R. NICKLAUS, ESQ.**
                                    Florida Bar No.: 138399
                                    **STEPHEN P. BYRNES, ESQ.**
                                    Florida Bar No.: 1002374